FILED
2026 Sep-30 AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LLOYD ANTHONY HICKS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:25-cv-02023-MHH** |
| | } | |
| **CHRISTIAN METHODIST EPISCOPAL CHURCH AND CLARENCE K. HEATH,** | } | |
| | } | |
| | } | |
| **Defendants.** | | |

**MEMORANDUM OPINION AND ORDER**

Lloyd Anthony Hicks has filed complaints against Christian Methodist Episcopal Church and Bishop Clarence K. Heath. Mr. Heath alleges violations of the Americans with Disabilities Act and breach of contract. (Docs. 1, 10, 13). Mr. Hicks asserts that Christian Methodist Episcopal Church and Bishop Heath transferred him to a lower-paid position and/or placed him on leave. (Doc. 10, pp. 3–5). Mr. Hicks alleges the defendants did not follow the church's "corporate bylaws" and that the defendants removed Mr. Hicks because they thought Mr. Hicks was disabled, they wanted to punish him for his "lack of submission," and/or they wanted to give Mr. Hicks's position to a relative of a church employee. (Doc. 10, pp. 3–5).

On January 7, 2026, the Clerk of Court entered default against Bishop Heath

because he did not appear to defend against Mr. Hick's claims. On January 12, 2026, the Court issued an order asking Mr. Hicks to explain why this case should not be dismissed based on the ministerial exception. (*See* Doc. 2) (citing *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171 (2012)). Christian Methodist Episcopal Church and Bishop Heath then filed a motion to dismiss, (Doc. 24-1; Doc. 24-2), and a motion to set aside default, (Doc. 25).[1] Mr. Hicks responded to the order to show cause and the motion to dismiss, (Docs. 27, 29), and opposed the motion to set aside default, (Doc. 28). Mr. Hicks submitted a "Notice of Voluntary Dismissal" in which Mr. Hicks stated he wished to dismiss his claims against Bishop Heath in his "individual capacity" but retain his claims against Bishop Heath in his "official capacity." (Doc. 26).[2]

---

[1] The church and Bishop Heath also filed a document entitled "Answer" in which the defendants have asserted affirmative defenses and disputed some of the facts Mr. Hicks alleges. (Doc. 24). In this document, the church and Bishop Heath request attorney's fees, expenses, and costs. (Doc. 24, pp. 2–3). The Court denies this request for failure to follow the procedures in Rule 11 for seeking sanctions.

[2] The Court is unsure what Mr. Hicks's intentions are in filing this notice. Typically, the distinction between personal and official capacities is relevant when a plaintiff sues a government official. In official capacity actions, the government is the real party in interest. This sort of official capacity suit allows a plaintiff to obtain injunctive relief that would not otherwise be available. *See, e.g.*, *Higdon v. Tusan*, 746 Fed. Appx. 805, 809–10 (11th Cir. 2018) (summarizing caselaw on suits against state officials in their official capacity). The Christian Methodist Episcopal Church is not a government entity. If Mr. Hicks is conceding that Bishop Heath is not personally liable, then Mr. Hicks's motion for default judgment, (Doc. 21), is moot. Mr. Hicks indicates that he is retaining "official capacity" claims because "Defendant Heath remains a necessary party for purposes of injunctive relief, correction of corporate records, and enforcement of judgments against the entity." (Doc. 26, p. 1). A company must ensure that its employees comply with court orders directed to the company, so this is not a reason to keep Bishop Heath in the case. Ultimately, the Court need not resolve how to treat Mr. Hicks's notice because Mr. Hicks's claims against Bishop Heath are barred. As the Court explained in its order to show cause, Mr. Hicks's claims

On August 18, 2026, Mr. Hicks filed a motion to supplement the pleadings. (Doc. 32). In his motion and proposed supplement, Mr. Hicks states that he submitted a request for early retirement in March 2026 and received a certificate of retirement in July 2026. (Doc. 32, pp. 2–17). Mr. Hicks alleges that his retirement is a constructive discharge caused by the defendant's failure to remedy his demotion. (Doc. 32, pp. 3, 12). Mr. Hicks states that he is not trying to add a claim; instead, Mr. Hicks believes the new allegations bear "on causation, damages, mitigation, and requested relief." (Doc. 32, p. 2).

***

Rule 12(b)(6) enables a defendant to move to dismiss claims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must accept well-pleaded facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

---

against Bishop Heath fail because the Americans with Disabilities Act typically allows claims only against employers, not supervisors, and Mr. Hicks has not identified a contract with Bishop Heath. (*See* Doc. 22).

When reviewing a *pro se* complaint, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, a court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

***

Mr. Hicks's claims under the Americans with Disabilities Act fail as a matter of law. The Supreme Court has held that the First Amendment bars the government from interfering with a church's selection of its ministers even through enforcement of "valid and neutral law[s] of general applicability," such as the ADA. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 196 (2012) (holding that plaintiff could not bring employment discrimination claims under ADA or state law against church for firing plaintiff because of plaintiff's disability). Mr. Hicks has not pointed to a case overturning *Hosanna-Tabor*, and the Court has not found one. Mr. Hicks seeks a position as a minister. Thus, the ministerial exception bars Mr. Hicks's ADA claim.

That leaves Mr. Hicks's breach of contract claim. Mr. Hicks asks the Court to decline to exercise jurisdiction over his breach of contract claim if the Court rules

against him on his ADA claims. (Doc. 27, p. 7). The church and Bishop Heath ask the Court to dismiss the complaint "in its entirety, with prejudice, as a matter of law." (Doc. 24-2).[3]

Mr. Hicks has pleaded a claim under a federal statute, the ADA, and that federal law claim provides a basis for federal jurisdiction under 28 U.S.C. § 1331). To consider Mr. Hicks's breach of contract claim, this Court must exercise supplemental jurisdiction over that state-law claim under 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Mr. Hicks's ADA and breach of contract claims arise out of the church's decision to pass over, suspend, and/or demote Mr. Hicks from a position as minister. Thus, these claims are part of the same case or controversy, and this Court may exercise supplemental jurisdiction over the contract claim under 28 U.S.C. § 1367(a).

---

[3] Paradoxically, the defendants also ask that the Court dismiss the complaint for lack of jurisdiction. (Doc. 24, p. 1; Doc. 24-1, pp. 1–7; Doc. 24-2, p.1). A dismissal for lack of jurisdiction is a dismissal without prejudice. To add to the confusion, the defendants quote the passage from *Hosanna-Tabor* that clarified that the ministerial exception is an affirmative defense, not a jurisdictional bar, overruling or abrogating the caselaw the defendants cite in support of their jurisdictional argument. (Doc. 24-1, p. 8) (quoting *Hosanna-Tabor*, 565 U.S. at 194 n. 4). This and other irregularities in the defendants' brief lead the Court to believe the brief may have been drafted by generative AI. If so, counsel are reminded that while the Court does not prohibit the use of AI, attorneys and *pro se* litigants must verify computer-generated content to ensure that it is accurate and complies with Rule 11 and all other governing standards. (Doc. 20, p. 10).

Under 28 U.S.C. § 1367(c)(3), a court "may decline to exercise supplemental jurisdiction over a [state-law] claim" if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "The district court may consider judicial economy, convenience, fairness, and comity in deciding whether or not it should exercise supplemental jurisdiction." *Bus. Realty Inv. Co. v. Insituform Techs., Inc.*, 564 Fed. Appx. 954, 957 (11th Cir. 2014) (citing *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)).

The Eleventh Circuit has held district courts properly exercised supplemental jurisdiction when they dismissed all claims without resolving complex issues of state law. *See, e.g.*, *Knowles v. Hart*, 825 Fed. Appx. 646, 650–51 (11th Cir. 2020) ("The state claims did not present any novel or complex issues of state law. The [state-law] claims did not substantially predominate over the [federal] excessive force claim; in fact, they are inextricably intertwined. And these state claims were clearly barred by official immunity. Dismissing these claims so they could be raised again in state court would have been a waste of judicial resources."); *Bus. Realty Inv. Co.*, 564 Fed. Appx. at 957 (finding dismissal was appropriate because "the state claims involved the same incidents, there were no complex or novel state law issues, and

ruling on all of BRIC's claims served judicial economy" when state law claims were plainly barred by statute of limitations); *Smith v. City of Tallahassee*, 789 Fed. Appx. 783, 790 (11th Cir. 2019) ("Because the [state-law] FWA claim involved the same facts as the First Amendment claim and the familiar burden-shifting framework applied, judicial economy favored the court's consideration of the FWA claim in its summary judgment order.").

The Court will exercise jurisdiction over Mr. Hicks's contract claims. Allowing Mr. Hicks to refile his contract claim in state court would unnecessarily prolong the parties' dispute and increase the costs to both them and the courts.

As Mr. Hicks notes, (Doc. 27, p.2), in *Hosanna-Tabor*, the Supreme Court addressed only employment discrimination suits and "express[ed] no view on whether the [ministerial] exception bars other types of suits, including actions by employees alleging breach of contract or tortious conduct by their religious employers." *Hosanna-Tabor*, 565 U.S. at 196. The Supreme Court stated that "[t]here will be time enough to address the applicability of the exception to other circumstances if and when they arise." *Hosanna-Tabor*, 565 U.S. at 196.

The Court has not found Eleventh Circuit cases that discuss whether the ministerial exception applies to breach of contract claims. Every circuit court to address the issue appears to have found that the ministerial exception applies to breach of contract and other state-law claims, at least when those claims are based

on a church's hiring decisions. *Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*, 41 F.4th 931, 942–45 (7th Cir. 2022) (collecting caselaw both before and after *Hosanna-Tabor*). Courts in this district have applied the ministerial exception to bar breach of contract claims. *See Nolen v. Diocese of Birmingham in Alabama*, No. 5:16-CV-00238-AKK, 2017 WL 3840267, at *2, *4 & n.7 (N.D. Ala. Sept. 1, 2017) (finding ministerial exception barred Catholic school teacher's breach of contract claim based on forced resignation). While some courts have theorized that some breach of contract actions may be permissible, such as a claim "for failure to pay" for work performed, *Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*, 553 F. Supp. 3d 616, 627 (S.D. Ind. 2021), *aff'd*, 41 F.4th 931 (7th Cir. 2022), Mr. Hicks has not pleaded such a claim.[4] His claims concern his "demotion," suspension, or removal as a minister, not on non-payment for work performed. (Doc. 10, p.5). Thus, the ministerial exception bars Mr. Hicks's breach of contract claim.

Accordingly, the Court denies Mr. Hicks's motion for a default judgment, (Doc. 21), grants Bishop Heath's motion to set aside the default, (Doc. 25), and dismisses Mr. Hicks's amended complaint, (Doc. 10), with prejudice. The Court denies Mr. Hicks's motion to supplement the pleadings as moot. (Doc. 32). The Clerk of Court shall please TERM Docs. 21, 25, and 32 and close this case.

---

[4] The Court expresses no opinion on whether the ministerial exception would bar a suit for failure to pay.

The Clerk of Court shall please mail and email copies of this order to the email and mailing addresses Ms. Hicks has provided.

**DONE** and **ORDERED** this September 30, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE